UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LAWRENCE M. YOUNGBERG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:18-cv-00001-JMS-MJD |
| ) | |
| J. E. KRUEGER Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Lawrence M. Youngberg, an inmate at the U.S. Penitentiary at Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

### I.  Factual Background

In 1991, Mr. Youngberg was a member of the United States Armed Forces stationed in Germany. The following facts come from the appellate decision issued by the United States Army Court of Military Review:

> The victim in this case, a promiscuous, thirty-year old German national female, known as the "Biker Lady" to American soldiers who frequented a local drinking establishment in Bad Kreuznach, Germany, was brutally murdered on 24 August 1991. Her body, completely naked except for a pair of white athletic socks, was found at a hilltop picnic site, impaled on a two-foot long wooden stake which had been driven into her vagina, through her abdominal cavity up to the level of her liver. Her mouth and throat had been stuffed with small stones and her head partially crushed by repeated blows from a ten-pound piece of concrete.
>
> The appellant was arrested on 25 August 1991 by German police. On 26 August 1991, he was arraigned in German court and ordered into confinement by a German District Judge. These court-martial charges were not preferred until 18 December 1991, after a sanity board had been conducted and German autopsy, police, and laboratory reports were completed and translated. The Article 32, UCMJ, investigating officer's report was subsequently completed on 10 March 1992. The

> German authorities finally released jurisdiction to the government on 6 May 1992, the day after they were informed that capital punishment could be excluded as a potential punishment at appellant's court-martial. Two days later, on 8 May 1992, the case was referred to trial by general court-martial, and the appellant was eventually arraigned on 10 June 1992.

*United States v. Youngberg*, 38 M.J. 635, 636 (A.C.M.R. 1993), a*ff'd*, 43 M.J. 379 (C.A.A.F. 1995).

Mr. Youngberg was tried and convicted of premeditated murder and an indecent act in violation of Articles 118 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 918 and 934 (1988) (hereinafter "UCMJ") at a general court-martial before a panel composed of officer members. *See id*. He was sentenced to a dishonorable discharge, confinement for life, total forfeitures, and reduction to Private E1. *Id.*

Mr. Youngberg challenged his conviction in the United States Army Court of Military Review. The Court of Military Review affirmed his conviction and sentence. *Id.* at 640. Mr. Youngberg then appealed to the United States Court of Appeals for the Armed Forces, but the Court of Appeals affirmed the Court of Military Review's decision. *United States v. Youngberg*, 43 M.J. 379, 388 (C.A.A.F. 1995).

Mr. Youngberg was initially a military prisoner but was transferred to be a federal inmate at the Federal Correctional Complex at Terre Haute, Indiana[1].

## II. Discussion

Mr. Youngberg now files a petition under § 2241 challenging his conviction and requesting a military parole hearing. Dkt. 1. Specifically, Mr. Youngberg asserts that: (1) the military court

---

[1] The respondent states that Mr. Youngberg "was a military prisoner until only recently," but it is unclear to the Court when Mr. Youngberg transferred from a military prison to a federal prison. The timing of his transfer, however, is not relevant to the disposition of Mr. Youngberg's petition and is noted here merely for reference.

2

lacked jurisdiction to convict him, (2) he has been denied due process and equal protection because he has been denied the annual military parole board he was entitled to after serving ten years of his sentence, and (3) his defense counsel was ineffective for failing to assert an insanity defense. *Id.* In response, the respondent asserts that Mr. Youngberg's claims do not fit into the "savings clause" of § 2241 and therefore he cannot proceed with his petition. Dkt. 11 at 3-6. The respondent further argues that Mr. Youngerberg's claims have no merit. *Id.* at 6-11. Mr. Youngberg did not file a reply, and the time to do so has passed.

### A. Proceeding with a § 2241 Petition

The respondent asserts that Mr. Youngberg cannot proceed with his petition because his claims do not fit into the "savings clause" of § 2241. Dkt. 11 at 3-6. The respondent is mistaken.

This case is unique because Mr. Youngberg was convicted by a military court. Typically, federal prisoners who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). To succeed on a motion for relief under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But courts-martial proceedings "dissolve after the purpose for which they were convened has been resolved. As a result, there is not a sentencing court in which a military prisoner may bring a § 2255 motion. *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Thus, Section 2255 is inadequate or ineffective to test the legality of Mr. Youngberg's detention.

The Supreme Court has stated that petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 are a permissible method for members of the United States Armed Forces to seek federal civil court review of court-martial convictions. *Clinton v. Goldsmith*, 526 U.S. 529, 537 n. 11 (1999) ("And of course, once a criminal conviction has been finally reviewed within the military

system, and a service member in custody has exhausted other avenues provided under the UCMJ to seek relief from his conviction . . . he is entitled to bring a habeas corpus petition, *see* 28 U.S.C. § 2241(c), claiming that his conviction is affected by a fundamental defect that requires that it be set aside."); *Burns v. Wilson*, 346 U.S. 137, 139 (1953); *United States v. Augenblick*, 393 U.S. 348, 350 n. 3 (1969); *see Tartt v. Sec'y of Army*, 841 F.Supp. 236, 238 (N.D. Ill. 1993) ("Habeas corpus relief is the well-established and appropriate jurisdictional route for a federal court to review decisions by the military that restrict the freedom of a member of the service.") (internal quotations omitted); *Hurn v. Kallis*, 2018 U.S. Dist. LEXIS 94943, 2018 WL 2724050 (C.D. Ill. June 6, 2018).

Furthermore, at least three Circuit Courts of Appeals have held that 28 U.S.C. § 2241 is the only available avenue for court-martial convicts to collaterally attack their convictions. *Witham*, 355 F.3d at 505; *McCarthan v. Dir. of Goodwill Indus.-Suncoast*, 851 F.3d 1076, 1110 (11th Cir. 2017); *Gilliam v. Bureau of Prisons*, No. 99-1222, 2000 U.S. App. LEXIS 3684, 2000 WL 268491, *1 (8th Cir. Mar. 10, 2000) ("Strictly speaking, a person convicted in a court-martial proceeding may not file a section 2255 challenge in the court of conviction because, following conviction, that court ceases to exist.") (citing *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411, 413 n. 2 (C.M.A. 1967) (noting that, unlike the civil courts, the court-martial structure does not allow for consideration of collateral issues by the trial court)); *see also Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011) ("[R]esort to § 2241 is the norm rather than the exception when a military prisoner seeks to challenge the results of his [court-martial]."); *Ehlers v. United States*, No. 11-cv-882 BTM (POR), 2011 U.S. Dist. LEXIS 115428, 2011 WL 4626163, *1 (S.D. Cal. Oct. 6, 2011) ("§ 2241 is the only avenue provided by the habeas statutes for a military prisoner to collaterally attack a court-martial conviction.").

Thus, Mr. Youngberg's challenges to his court-martial conviction are properly brought in his § 2241 petition.

**B.      Legal Standard**

Military courts "have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights." *Burns v. Wilson*, 346 U.S. 137, 142 (1953). "[I]n military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases." *Id.* at 139. The Tenth Circuit described a district court's scope of review of a military habeas corpus as follows:

> "'When a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence.'" *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010) (quoting *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). If the military courts fully and fairly consider a habeas claim, the district court may not review the claim. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). If the claim was not raised in the military courts, it is waived and may not be considered absent a showing of cause and actual prejudice. *See id*. Only if the claim was raised in the military courts but not given full and fair consideration will 'the scope of review by the federal civil court expand.' *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).

*Squire v. Ledwith*, 674 Fed. Appx. 823, 826 (10th Cir. 2017); *see Narula v. Yakubisin*, 650 Fed. Appx. 337, 338 (9th Cir. 2016) ("Absent a showing of cause and prejudice, constitutional challenges to court-martial convictions are waived when not raised on direct appeal in the military courts.").

**C.      Exhaustion of Military Remedies**

As an initial matter, Mr. Youngberg has not shown that he has raised his § 2241 claims in a military court. "Military prisoners must exhaust military remedies before seeking relief in federal court." *Narula*, 650 Fed. Appx. at 338. Nor were any of his § 2241 claims raised in his appeal to

5

the United States Army Court of Military Review or United States Court of Appeals for the Armed Forces.

Although, it appears that Mr. Youngberg may have failed to exhaust his claims before filing his § 2241 petition, the respondent failed to raise the issue of exhaustion. Additionally, it appears to be in the interests of both justice and judicial efficiency that the merits of Mr. Youngberg's habeas claims be resolved on the merits. *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("judicial economy sometimes dictates reaching the merits of [a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated."); *see also Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (noting that procedural default issue should ordinarily be resolved first, but denying habeas relief on a different basis because resolution of the default issue would require remand and further judicial proceedings).

### D. Military Court's Jurisdiction

Mr. Youngberg first argues that the military court lacked the jurisdiction to convict him, citing *United States v. Todd*, 657 F.2d 212 (8th Cir. 1981), *United States v. Reff*, 479 F.3d 396 (5th Cir. 2007), and *United States v. Holmes*, 618 F.Supp.2d 529 (E.D. Va. 2009). Dkt. 1 at 3-5.

Article I of the Constitution authorizes Congress to subject persons in the military to trial by court martial for military offenses. *Toth v. Quarles*, 350 U.S. 11, 14 (1955). Additionally, "an active duty serviceperson is subject to the Uniform Code of Military Justice while retained on active duty. Article 2(1), U.C.M.J., 10 U.S.C. § 802(1); *see United States v. Self*, 13 M.J. 132, 136 n. 7 (C.M.A. 1982)." *United States v. Fitzpatrick*, 14 M.J. 394, 397 (C.M.A. 1983).

Mr. Youngberg was an enlisted member of the U.S. Army stationed in Germany at the time he was convicted for murder. Thus, he was under the authority and jurisdiction of the military authorities in Germany, and the military court had the appropriate jurisdiction over his case.

"When a crime occurs on foreign soil, United States civilian courts are generally not available to vouchsafe the rights of the accused." *Hemphill v. Moseley*, 443 F.2d 322, 323 (10th Cir. 1971) (citing *Gallagher v. United States*, 423 F.2d 1371, 1374 (Ct. Cl. 1970)) (holding that military courts have jurisdiction for crimes committed by active duty personnel off base in Germany and other foreign countries.).

The cases cited to by Mr. Youngberg are inapplicable as those cases deal with defendants convicted of federal crimes in federal district court for crimes committed on federal property while Mr. Youngberg was convicted of military crimes for crimes committed on foreign soil. *See Todd*, 657 F.2d at 214-215 (Western District of Missouri had jurisdiction to convict for second degree murder where the victim was found and killed on an army base in Missouri, but did not necessarily have jurisdiction over the conspiracy charges where the defendant alleged the conspiring of murder did not occur on federal property); *Reff*, 479 F.3d at 400-402 (Western District of Texas had jurisdiction to convict for first degree murder where the victim was shot within the boundaries of Fort Hood military reservation in Texas); *Holmes*, 618 F.Supp.2d at 539-43 (Eastern District of Virginia had jurisdiction over a crime committed on an air force base in Japan, and noting that "[a] federal district court is not precluded from jurisdiction simply because the Uniform Code of Military Justice gives jurisdiction to punish a member of the armed forces for crimes committed on military installations.").

Accordingly, Mr. Youngberg's contention that the military court lacked jurisdiction to convict him of murder lacks merit.

### E. Military Parole Board Hearing

Mr. Youngberg alleges he has been denied due process and equal protection because he has been denied a hearing before the military parole board. Dkt. 1 at 6. He asserts that he is

entitled to annual review by a military parole board, but also asserts that military members serving a sentence of life imprisonment are entitled to a full parole board hearing after serving ten years.

On this point, Mr. Youngberg is mistaken. "Prisoners sentenced by military courts-martial and then transferred to a federal institution come under the exclusive jurisdiction of the United States Parole Commission for parole purposes." *United States Parole Commission Rules and Procedures Manual*, § 2.2-03(a).[2] "Military authorities retain jurisdiction for clemency purposes and may reduce the maximum term to be served." *Id*. "The Army Clemency and Parole Board only makes parole decisions on Army prisoners confined within Department of Defense correctional facilities." Army Clemency and Parole Board, Army Review Boards Agency.[3] Because Mr. Youngberg has been transferred to a federal institution, he no longer is entitled to any military parole hearings. Rather, any parole decisions are solely within the jurisdiction of the United States Parole Commission. Accordingly, Mr. Youngberg's claim to military parole hearings is denied.[4]

---

[2] Available at https://www.justice.gov/sites/default/files/uspc/legacy/2010/08/27/uspc-manual111507.pdf.
[3] Available at http://arba.army. pentagon.mil/clemency-parole-faq.html.
[4] Although not relevant to the disposition of this petition, the respondent asserts, without support, that:

> in communications with the Bureau of Prisons, the government has learned that Youngberg had his last parole hearing on August 8, 2012. And according to their records, he can apply for a statutory interim hearing which will be held in May 2018 or November 2018. Further, he has been meeting with the military clemency board for his yearly clemency board, which the Bureau of Prisons has record of him attending last in May 2016.

Dkt. 11 at 9. The Court requests that, in the future, the respondent provide evidentiary support for such statements, particularly where, as stated, records exist.

### F. Counsel's Failure to Raise Insanity Defense

Mr. Youngberg alleges that his counsel provided ineffective assistance of counsel for failing to assert an insanity defense. Dkt. 1 at 6. He asserts that, under *Hinton v. Alabama,* 571 U.S. 263 (2014), a defense counsel is required to obtain an expert witness if a question exists as to his client's competency. He asserts that "[w]hoever committed the murder had obvious mental and psychological issues," and that "[a]ny competent attorney would have pursued an insanity defense. *Id.* at 7.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In addition, in attacking trial counsel's performance, a defendant "must 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Frentz v. Brown,* 876 F.3d 285, 293 (7th Cir. 2017) (quoting *Strickland,* 466 U.S. at 689).

Here, because the case was "exceptionally complex" and "politically sensitive," Mr. Youngberg's mental fitness and sanity were assessed by a sanity board and through expert medical testimony. *Youngberg*, 38 M.J. at 639. Mr. Youngberg was apparently deemed not insane and competent for trial.[5] Under these circumstances, Mr. Youngberg's counsel presumably did not believe an insanity defense would be sound trial strategy.

Mr. Youngberg offers only general statements that anyone responsible for this murder must have psychological issues and that it would have been out of character with his reputation, history, and character. Thus, Mr. Youngberg fails to overcome the presumption that his counsel's failure to pursue the insanity defense was "sound trial strategy." *Frentz*, 876 F.3d at 293. Mr. Youngberg also fails to explain how he was prejudiced, under *Strickland*, by that failure. Accordingly, Mr. Youngberg's counsel's failure to raise the insanity defense was not ineffective assistance of counsel.

### III. Conclusion

Mr. Youngberg's petition for writ of habeas corpus is **denied** and the action dismissed with prejudice.

The **clerk is directed** to update Mr. Youngberg's address on the docket to reflect that he is now incarcerated at the U.S. Penitentiary at Terre Haute.

Judgment in accordance with this Order shall issue.

**IT IS SO ORDERED.**

---

[5] Citing *Youngberg*, 38 M.J. at 639, the respondent asserts that "that defense counsel requested their own psychiatrist and for a neurologist to be appointed to the defense team." Dkt. 11 at 10. The Court reviewed both opinions related to Mr. Youngberg, *Youngberg*, 38 M.J. at 635, and *Youngberg*, 43 M.J. at 379, and neither discuss any request for a psychiatrist or a neurologist. Without support in the record, this assertion must be disregarded. In the future, the respondent must properly reference the portions of the record that support its factual assertions.

Date: 11/13/2018

_Hon. Jane Magnus-Stinson, Chief Judge_
United States District Court
Southern District of Indiana

Distribution:

LAWRENCE M. YOUNGBERG
14123-045
USP TERRE HAUTE
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov